IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN M. LEFLER, et al., )<br>                                 )<br>          Plaintiffs,  )<br>                                 )<br>vs.                                 )<br>                                 )<br>JAMES L. BAUM, )<br>                                 )<br>          Defendant.  ) | 8:07CV114<br><br>ORDER |

This matter is before the court on the defendant's Motion To Modify Scheduling Order (Filing No. 37). The defendant filed a brief in support of the motion (Filing No. 38). The plaintiffs filed a brief in response to the motion (Filing No. 41). The defendant filed a reply brief in support of the motion (Filing No. 42).

The defendant requests that the deadline to file motions for summary judgment pursuant to this court's progression order be extended from October 21, 2007 to December 10, 2007.

The plaintiffs state that they have no objection to the extension. However, the plaintiffs argue they should not be forced to respond to more than one summary judgment motion. The plaintiffs contend that because the defendant's motion to dismiss was served after filing his answer, the defendant's rule 12(b)(6) motion to dismiss becomes a motion for summary judgment. Thus, the plaintiffs request the defendant's motion to dismiss be withdrawn without prejudice, or held in abeyance until such time as the defendant chooses to submit his motion for summary judgement. Additionally, the plaintiffs request that all motions for summary judgment be consolidated and presented on or before December 10, 2007 and that the plaintiffs' time to respond, if necessary, to the pending defendant's motion to dismiss be extended for the time allowed under NECivR 7.1(b)(1)(B) after the court's ruling on the defendant's present motion.

The defendant argues that the plaintiffs have not provided a basis as to which this court could convert the defendant's motion to dismiss to a motion for summary judgement because the plaintiffs did not identify any materials outside the pleadings that were presented on defendant's motion to dismiss.

Under Fed. R. Civ. P. 12(b)(6),

> A motion making any of these defenses shall be made before pleading if a further pleading is permitted. . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6). Additionally, motions to dismiss are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or in opposition to the motion. See *State ex rel. Nixon v. Coer D'Alene Tribe*, 164 F. 3d 1102, 1107 (8th Cir. 1999), **cert. denied**, 527 U.S. 1039 (1999). Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion To Modify Scheduling Order (Filing No. 37) is granted.

2. This court's order of September 14, 2007 (Filing No. 26) is modified so that motions for summary judgment shall be filed **no later than December 10, 2007.**

3. The court will consider any requests by the plaintiffs for an extension to respond to Defendant's Motion To Dismiss (Filing No. 35) upon motion to the court.

DATED this 1st day of November, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge