## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN M. LEFLER, and | ) | |
| JOHN M. LEFLER, P.C., L.L.O., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:07CV114 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES L. BAUM, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion for a Protective Order, to Compel Discovery, For Further Orders, and for Attorney's Fees (Filing No. 43). The plaintiffs filed a brief (Filing No. 44) and an index of evidence (Filing No. 45) in support of the motion. The defendant filed a brief (Filing No. 46) and an index of evidence (Filing Nos. 47-48) in opposition to the motion. The parties also held a telephone conference with the undersigned magistrate judge on November 2, 2007, regarding the instant motion.

This matter arises from a dispute between the parties about the payment of attorney's fees related to a case titled *Darwin v. Darwin, et al.*, Case No. 04-271, in the District Court of Lincoln County, Nebraska. John M. Lefler and James L. Baum were both attorneys representing the interests of the *Darwin* plaintiff. After settlement of the *Darwin* case, the parties to this matter were unable to agree about the division of attorney's fees. Currently, the parties seek discovery related to their respective involvement in and fee agreements associated with the *Darwin* case.

Mr. Lefler filed the instant motion seeking an order determining his deposition should not take place when noticed, November 5, 2007. Mr. Lefler seeks an order requiring Mr. Baum to respond fully to certain Requests for Production and Interrogatories before Mr. Lefler's deposition, and that such production take place at Mr. Lefler's office at least 48 hours prior to the deposition. Mr. Lefler suggests Mr. Baum agree to bring the documents to Omaha at least 48 hours before any scheduled deposition of either party.

Mr. Baum asserts Mr. Lefler failed to confer prior to filing the motion and the motion lacks legal support. Specifically, Mr. Baum contends Mr. Lefler should not be allowed to

delay the deposition based on the conduct of other discovery.  Additionally, Mr. Baum argues he would suffer undue burden by being required to take 6-7 days to transport, review, copy and return the subject production of documents, which include the **_Darwin_** case file.  In any event, Mr. Baum states the production is voluminous, contains documents duplicative of what Mr. Lefler already has, or documents which need to be re-created such as time sheets.  Finally, Mr. Baum suggests that the production of documents occur by mail or that Mr. Lefler can examine the documents in Tennessee.

During the November 2, 2007 telephone conference, the court granted the portion of the motion to quash the deposition noticed for November 5, 2007.  The parties again attempted to resolve their dispute without court involvement.  However, on November 5-6, 2007, the court received electronic mail from both parties regarding their inability to come to an agreement.  Mr. Lefler refuses to provide dates for depositions until he receives additional discovery responses.    However, Mr. Baum proposed other dates and suggestions for resolution.

Under the circumstances, and in accordance with Federal Rule of Civil Procedure 26, 33 and 34, the court will grant the plaintiffs' motion in part, and deny the motion in part as described below.  The parties shall immediately serve responses to any unanswered, outstanding and overdue discovery requests.  The parties agree Mr. Baum need not produce documents which do not yet exist.  Mr. Baum has also agreed to produce a copy of certain responsive documents - documents which are not redundant - by mail.  However, the remaining business records shall be made available to Mr. Lefler to view as they are kept in the ordinary course of business in Tennessee, as provided for in Rule 34(b)(i), prior to Mr. Lefler's deposition.  Regardless of whether Mr. Lefler has viewed the business records, he shall make himself available for a deposition, as otherwise described in the October 23, 2007 notice of deposition, on December 7, 2007. **See** Filing No. 45, Ex. 2 p.2. Finally, pursuant to Rule 37, the court finds neither party should be assessed sanctions or attorney's fees in connection with the plaintiffs' motion.  Upon consideration,

2

**IT IS ORDERED:**

1.      The plaintiffs' Motion for a Protective Order, to Compel Discovery, For Further Orders, and for Attorney's Fees (Filing No. 43) is granted in part and denied in part, as described more fully above.

2.      The defendant shall serve supplemental discovery responses as described above **on or before November 21, 2007**.

3.      Mr. Lefler shall make himself available for deposition on **December 7, 2007**, or on another date mutually agreed to by the parties.

DATED this 8th day of November, 2007.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge